Geeen, J.
delivered the opinion of the court.
At the November term, 1843, of the Circuit Court of Sullivan county, a rule was made upon the plaintiff, that he justify his security, or give other and sufficient security, on or before the second day of the next term, or the suit would be dismissed.
At the March term, 1844, on the third day of the term, the defendant moved that the suit be dismissed, and the rule not having been complied with, the court ordered that the suit be dismissed. Shortly after the order to dismiss was made, and on the same day, the plaintiff tendered other security and moved to reinstate the cause, which, after argument, was ordered by the court, to which the defendant excepted. It is now insisted that the court had no power to reinstate the cause, after the order to dismiss was made.
We do not think the order to dismiss precluded all further *44 action of the court. All the orders and judgments of the court are under its control during the term they are made; and unless the rule made at the previous term,- to justify or give other security by the second day oí the next term, or the cause would be dismissed — was imperative upon the court to dismiss the cause if the rule was not complied with; there can be no doubt but that the order to reinstate the cause was proper. The question then is must the court necessarily dismiss a cause, if the rule to give other security be not complied with by the day limited in the order? Has it no power to extend the order beyond the day limited; or, if the day elapse without compliance on the part of the plaintiff, may not the court, on sufficient cause shown, receive the security at any subsequent day?
We think the court has a discretionary power to enforce rigidly its order or not, as it may think proper. And while oh the one hand, if it had refused to reinstate the cause, we could not have regarded such refusal as error, on the other hand, we have no doubt but that it had power over the order of the previous term and might lawfully modify or extend it at pleasure. We therefore think there is no error in the record in this case, and affirm the judgment.